**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.:  06-61607-CIV-COOKE/BROWN

SCOTT HERMAN,

        Plaintiff,

METROPOLITAN LIFE
INSURANCE COMPANY,

        Defendant.

_____/

**DEFENDANT METLIFE'S MOTION TO STRIKE AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Metropolitan Life Insurance Company ("MetLife"), hereby moves, pursuant to

Rule 12(f), Federal Rules of Civil Procedure and Local Rule 7.1, for entry of an order striking

paragraphs 21 a, b, and c; 24 a, b, and c; and 28 a, b, and c of the Complaint filed by Plaintiff

Scott Herman ("Herman").  As set forth herein, Herman has included allegations in his

Complaint regarding alleged bad-faith conduct in a simple action for breach of disability

insurance policies.  Due to the improper inclusion of these allegations, the Court should strike

the allegations from the Complaint.

Herman has sued MetLife in a Complaint where the only counts are for breach of

disability insurance contracts.  Herman alleges that he became disabled under the terms of the

policies and that MetLife has failed to pay all of the benefits to which he was entitled.  Thus, this

is a simple first-party breach of contract case involving disability insurance policies.  The sole

issue in a first-party disability action under Florida law is whether the insured meets the

definition of disability in the policies.  This is supported by the language of the policies.

Nevertheless, Herman has included in paragraphs 21, 24 and 28 of the Complaint impermissible

bad faith allegations, claiming that MetLife "breached [the] Disability Policy [] and likewise breached the implied covenant of good faith and fair dealing in conjunction with the express provisions of the Policy as follows:

 a. failing to interpret and apply the provisions entitled "Total disability" and "Monthly Benefit for Total Disability" in accordance with Florida law;

 b. failing to properly interpret and apply the provisions entitled "Time of payment of Claim" in accordance with the policy provisions and Florida law, insofar as payment is required to be made after receiving written proof of loss as defined in the policy. Defendant MetLife, in violation of the covenant of good faith and fair dealing has required far beyond what is required in the proof of loss provision before making payment under the Policy;

 c. failing to properly interpret and apply the provision entitled "Claim Forms" in accordance with the Policy provisions and Florida law, insofar as Defendant MetLife has requested far more than "proof of loss forms" sent to Plaintiff or a written statement of the nature and extent of Plaintiff's loss to the point of ridicule in violation of the implied covenant of good faith and fair dealing, and with respect to the purported "proof" requested of Plaintiff, Defendant MetLife has failed to fairly review and analyze that purportedly necessary proof in violation of the covenant of good faith and fair dealing.

Complaint, ¶¶ 21, 24 and 28.

 Significantly, even if such allegations were true, they do not and cannot constitute a breach of contract.  At most, these allegations might be pertinent in a subsequent bad-faith lawsuit.  But such a lawsuit can only be brought if Herman prevails on his breach of contract claims.  The sole basis for breaching the contracts, according to their terms, is the failure to pay benefits when the person meets the definition of disability, the policies are in force, and the other terms, conditions, limitations and exclusions of the policies apply.

 As Herman has chosen to intertwine these impermissible allegations in paragraphs 21 a, b, and c; 24 a, b, and c; and 28 a, b, and c of the Complaint into counts purporting to be an action

solely for breach of contract, this Court should strike the quoted claims/allegations from it, as they are immaterial to a claim for breach of disability insurance contracts.

## MEMORANDUM OF LAW

**A.    This Is Not A Bad Faith Action Nor Has Herman Pled Conditions Precedent To Bringing A Bad Faith Action.  Therefore, Plaintiff Should Not Be Allowed To Plead Bad Faith Claims Disguised As Support For His Breach Of Contract Claims**

Herman alleges various aspects of MetLife's claim handling in his Complaint (See Complaint at ¶¶ 21 a, b, and c; 24 a, b, and c; and 28 a, b, and c).  These allegations have nothing to do with whether or not Herman is disabled, and are merely possible support for and possible evidence of a first-party bad faith action which Herman cannot bring under Florida law because there has not been an adjudication of the breach of contract claim.  Further, Herman has not otherwise pled compliance with other conditions precedent to bringing such a claim.  On the basis of the arguments of Herman's attorneys in prior actions, it is believed that Herman will acknowledge this is not a bad faith action.  If Herman agrees that this is not a bad faith action, why should this Court allow him to plead one?  Florida law is clear that there is a sharp contrast between first party actions for breach of contract and a bad faith claim.

In Florida, there is no recognized common law right to a first party action for bad faith. Instead, Florida law provides that a first party bad faith claim against an insurance company is only a statutory right pursuant to a civil remedy statute, Fla. Stat. §624.155, et. seq.  Opperman v. Nationwide Mutual Fire Ins., 515 So.2d 263 (Fla. 5th DCA 1987); United Guaranty Residential Ins. Co. of Iowa v. Alliance Mortgage Co., 644 F.Supp. 339 (M.D. Fla. 1986).  Thus, the only relief that Herman may have for his bad faith allegations would be pursuant to the civil remedy statute; Fla. Stat. §624.155(2)(a).

Moreover, even if Herman had pled compliance with the statutory notice provision, a bad faith action would still be premature.  It is well settled under Florida law that a bad faith action

can not proceed until there has been a judicial determination, including all appeals, that the insured has prevailed on his breach of contract claim. Vest v. Travelers Ins. Co., 754 So.2d 865 (Fla. 2000); Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla. 1991); United Automobile Ins. Co. v. Tienna, 780 So.2d 1010 (Fla. 4th DCA 2001); Doan v. John Hancock Mutual Life Ins. Co., 727 So.2d 400 (Fla. 3rd DCA 1999); Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d 1368 (Fla. 2nd DCA 1991); Lexington Ins. Co. v. Royal Ins. Co., 886 F.Supp. 837 (N.D. Fla. 1995). This has not happened here, and as such, Herman has no standing to bring a bad faith claim. Herman should not be allowed to plead a bad faith action, in contravention of legal authority, guised as circumstances or evidence of a breach of insurance contract claim.

Herman may allege that he should be allowed to plead the contested allegations because the insurance policies at issue contain provisions which provide for the mutuality of obligations. This is a misapplication of the law. First, the "doctrine of mutuality of obligation is merely one aspect of the rule that mutual promises constitute consideration for each other." Tampa Pipeline Transport Co. v. Chase Manhattan Service Corp., 928 F.Supp. 1568, 1575 (M.D. Fla. 1995) Second, the doctrine of mutuality of obligations does not impose upon the parties a mutuality of obligation as to every aspect or provision in a contract. Federal courts have stated:

> [mutuality of obligation] does not mean equal rights under the contract, or that each party is entitled to the same rights or covenants under the contract. So long as there is a valuable consideration moving from one side to the other, or there are binding promises on the part of each party to the other, there is adequate consideration for a valid contract. WMX Technologies, Inc. v. Jackson, 932 F.Supp. 1372, 1374 (M.D. Ala. 1996)(citations omitted.)

Indeed, an argument that mutuality of obligation is lacking in a contract is an argument that there was no consideration in a contract. Id. For this reason, contracts are not invalidated merely

because, ". . . the contract expressly gives one party "absolute discretion" to perform." <u>Gregg v.</u>
<u>U.S. Industries, Inc</u>., 715 F.2d 1522, 1535 (11th Cir. 1983).

In the instant case, the mutuality of obligation in the contract is in the exchange of
promises between the parties – if Herman paid premiums due under the relevant policies, became
"disabled" as defined in the policies, and met other terms and conditions as set forth in the
relevant policies of insurance, MetLife promised to pay a certain amount in disability benefits.
To argue that Herman is entitled to plead the contested allegations because they provide
mutuality of obligations under the contract is a misinterpretation of the law of contracts.
Especially where a review of the contested allegations illustrates that there was no mutuality of
obligation as to the contested allegations. Instead, the contested allegations are separate and
distinct basis for alleging that there was improper claims handling by MetLife- again an
irrelevant inquiry in this solely breach of contract case.

**B.      If It Acts Like A Duck, Walks Like A Duck And Quacks Like A Duck – It's A Duck;**
**         The Contested Allegations Are What They Appear To Be - Claims For Bad Faith**

Based on Herman's attorneys' past actions in supporting these boilerplate allegations,
MetLife believes that Herman will take the position that the contested allegations are <u>not</u>
allegations of bad faith or improper claims handling, but that they provide the context or
circumstances within which Herman's claims were denied, and a basis for a jury to find that
MetLife breached the insurance policies and thus, Herman is entitled to recover disability
benefits even if he is unable to prove that he was or is actually disabled. A review of the
pertinent statutory authority which provides the basis for a bad faith claim compared with the
contested allegations clearly illustrates that the contested allegations are what they appear to be,
allegations of bad faith conduct.

If an insured, in a first party action against the insurer, can sue and allege as a breach of contract claim those allegations contained in the Herman Complaint, why has the Florida legislature made such allegations the basis of a separate bad faith action?  The Florida legislature created the bad faith statute (Fla. Stat. §624.155) and enumerated the specific acts that constitute bad faith, because there is no common law action for bad faith (tortious breach of contract) in Florida first party insurance actions.  Indeed, Herman's claims mirror and are almost identical to the statutory basis for a first party bad faith claim in Florida.  It is vital to look at the statutory language because a review of the statutory language shows what Herman denies, that he is making impermissible allegations of bad faith in his breach of contract case.

**C.      Florida Courts Do Not Allow Inquiry Into An Insurer's Claims Handling In A Breach Of Contract Action.  Therefore, Herman Should Not Be Allowed To Plead That Which He Is Not Entitled To Inquire About**

In further support of the proposition that issues related to claims handling have nothing to do with a breach of insurance contract case, Florida courts have repeatedly refused to allow discovery into an insurer's claims handling during the underlying contract claim.  Allstate Ins. Co. v. Baughman, 741 So.2d 624, 625 (Fla. 2nd DCA 1999)(acknowledging that statutory action for bad faith could not proceed without adjudication of the underlying breach of contract claim, and refusing to allow the plaintiff to obtain certain discovery on bad faith as it would "result in irreparable harm that cannot be adequately addressed on plenary appeal"); State Farm Automobile Ins. Co. v. Cook, 744 So.2d 567, 567 (Fla. 2nd DCA 1999)(insurer's "claims and litigation files are not subject to discovery until the bad faith claims are ripe"); State Farm Automobile Ins. Co. v. Martin, 673 So.2d 518, 519 (Fla. 5th DCA 1996) (where there has been no judicial determination that an insurer has an obligation to provide coverage, "discovery of an insurer's claim and litigation file is not permissible…"); State Farm and Casualty Co. v. Valido,

662 So.2d 1012, 1013 (Fla. 3rd DCA 1995)(insurer's "claim files, manuals, guidelines and documents concerning its claims handling procedure were irrelevant" to coverage dispute).[1]

The cited cases deal with breach of contract actions where a plaintiff is attempting to make discovery on claims handling.  It is inconsequential whether the insurance policy at issue is one for coverage in case of property loss or coverage in the event an insured is disabled – the legal premise is still the same – claims handling questions are not relevant for purposes of determining a breach of insurance contract case.  Thus, allowing the contested allegations to stand would thwart clear legal authority, as well as the spirit of the law, which prevents delving into any aspect of claims handling when litigating a breach of contract case.  Herman's contested allegations are merely a back door attempt to assert claims of bad faith conduct in claims handling where he is not entitled to do so under the law.

**D.      The Contested Allegations Should Be Stricken To The Extent They Are Allegations Of A Breach Of The Implied Covenant Of Good Faith And Fair Dealing As They Are Duplicative Of The Sole Causes Of Action Alleging Breach Of Contract**

As previously indicated, Herman has sued MetLife in a Complaint where the only counts are for breach of disability insurance contracts.  There is no attempt made to plead any other separate causes of action, despite the allegations in paragraphs 21, 24 and 28 of the Complaint.

In Trief v. American General Life Insurance Company, Case No. 06-60378-CIV-Ungaro-Benages, the Court addressed Defendant's motion to dismiss a cause of action pled as a "Breach of Implied Obligation of Good faith."  In agreeing with Defendant that this separately pled cause of action must be dismissed despite allegations similar to those contained in paragraphs 21, 24 and 28 of the instant Complaint, the Court found that "the allegations resemble a claim for

---

[1]      Although Florida law is clear that claims files are not discoverable in the initial breach of contract action, MetLife will produce in this action, without objection, all non-privileged parts of its claims file.

statutory bad faith" and "amount to nothing more than a general allegation for breach of contract and are therefore duplicative."  A copy of Trief is attached hereto as Exhibit "1".

The United States District Court for the Middle District of Florida court has likewise expressly held that a breach of the implied covenant of good faith and fair dealing should be dismissed as redundant where the conduct which forms the alleged violation is duplicative of the companion cause of action alleging breach of contract. Shibata, M.D. v. Lim, 133 F.Supp. 2d 1311, 1319 (M.D. Fla. 2000).  The court explained in relevant part:

> A party can maintain a claim for breach of the implied duty only if it is based on allegations different than those underlying the accompanying breach of contract claim.  If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated. Id. at 1319.

See Also   Gottlieb v. Paul Revere Life Insurance Company and Equitable Life Assurance Society of the United States, Case No. 98-6574-CIV-Zloch (S.D. Fla. March 30, 1999) (rejecting attempt by insured to plead cause of action for breach of implied covenant of good faith and fair dealing); Jacob Nudel, M.D. v. Paul Revere Life Insurance Company, Case No. 98-7372-CIV-Ungaro-Benages (S.D. Fla. July 21, 1999) (same); Cicale v. Paul Revere Life Insurance Company, Case No. 98-4186(09) (Circuit Court, 17th Judicial Circuit, Broward County, Florida, July 20, 1999) (same); Satovsky v. Provident Life and Accident Insurance Company, Case No. 98-6397-CIV-Seitz (S.D. Fla. September 1, 1999) (equating cause of action to statutory bad faith action, and abating). Copies of these cases are attached for the Court's convenience as Exhibits "2," "3," "4," and "5," respectively.

Simply put, Plaintiff's allegations in paragraphs 21, 24 and 28 of the Complaint are nothing more than statutory bad faith allegations given another label.  Thus, the contested

allegations should be stricken because they go well beyond a statement of a mere contract breach, making the allegations redundant, superfluous and inappropriate as a matter of law.

**E.      The Contested Allegations Are Irrelevant To This Action, Prejudicial To MetLife, And Should Be Stricken**

Herman wants this Court to believe that improper claim handling procedures have to be a part of the allegations of the Complaint and considered for purposes of this breach of contract action in order for there to be a determination as to whether Herman was improperly denied disability benefits.  This argument totally misses the point.  Regardless of whether MetLife's claim handling was improper or perfect, Herman was denied further disability benefits under the policies because he is, in MetLife's opinion, not "disabled" as set forth in the policies.  How MetLife handled the claim is completely irrelevant.  The focus of the action should be on Herman's physical capabilities and activities and on his occupational duties and abilities, both before and after the claim of alleged disability.  Under the law, Herman is not entitled to make these contested allegations in the Complaint or to seek discovery on these matters.

Where a court finds that a portion of a pleading is "redundant, immaterial, impertinent or scandalous" the Federal Rules of Civil Procedure provide it with a means to remove that material from the pleadings.  Moore's Federal Practice, Striking Redundant, Immaterial, Impertinent, or Scandalous Material, §12.37(3) (3rd Ed. 2004).   Courts have interpreted "redundant" as essentially repeating another claim in the same complaint.  Id.   Courts have interpreted "impertinent" or "immaterial" as being neither responsive nor relevant to the issues involved in the action.  Id.  The contested allegations fall squarely within the purview of those courts are permitted to strike from a pleading.  Undeniably, this motion to strike should be granted as the contested allegations have no place in the pleadings because they do not relate to the breach of contact claims, and to the extent they do, are duplicative, and under the law, impermissible.  Not

9

striking these contested allegations from the Complaint will only unfairly prejudice MetLife as it proceeds in defense of this claim.

This was the inescapable conclusion reached by the United States District Court, Middle District of Florida, Jacksonville Division, in <u>Dennis v. Northwestern Mutual Life Insurance Company</u>, 2006 WL 1000308 (M.D. Fla. 2006) when faced with nearly identical allegations in a complaint filed by the same law firm representing Plaintiff herein.[2]

### CONCLUSION

This is a simple first party action (insured is also the claimant) for alleged breach of an insurance contract against MetLife to recover disability benefits.[3]   As such, the only determination that needs to be made is whether or not Herman was "disabled" under the relevant policy language, and if determined disabled, what damages (disability benefits) he can recover. It is not relevant to this action how MetLife acted with regard to processing the claim because it has no bearing on whether or not Herman is disabled under the policies.  Indeed, if it is proven that Herman is disabled, which MetLife denies, Herman would be entitled to benefits, regardless of MetLife's proper or improper claim handling.

On the other hand, if Herman is determined to not be disabled, MetLife will prevail in the action.  The sole issue is whether or not Herman is "disabled" as defined in the relevant policies. In order to make this determination, consideration will be given to Herman's health, finances, occupational duties (before and after the disability claim), social and other activities (before and after the disability claim), as well as other surrounding circumstances detailing Herman's activity level and abilities.  Allegations of improper claim handling as evidence of bad faith conduct or a

---

[2]      A copy of <u>Dennis</u> is attached for the Court's convenience as Exhibit "6".

[3]      Herman is also claiming to be entitled to waiver of premiums, which, under the policies, are triggered only if Herman is able to prove that he is disabled.

breach of the covenant of good faith and fair dealing are irrelevant to the breach of contract action and improper as a matter of law.

The only reason for including these allegations in the Complaint is to prejudice MetLife; to attempt to recover disability benefits without proving Herman is disabled; to attempt to make a bad faith claim; and/or to take the focus away from the only real issue for determination. Accordingly, for the foregoing reasons, Defendant MetLife respectfully requests that the Court grant the motion and enter an Order striking the allegations contained in paragraphs 21 a, b, and c; 24 a, b, and c; and 28 a, b, and c of the Complaint, and granting such other and further relief as the Court deems appropriate and just.

## LOCAL RULE 7.1(A)(3)(a) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3)(a) undersigned counsel certifies that he has conferred with counsel for Plaintiff in a good faith effort to resolve by agreement the issues raised in the motion, but has been unable to do so.

By:   s/. Steven M. Ebner
John E. Meagher
Florida Bar No. 511099
Email: jmeagher@shutts-law.com
Steven M. Ebner
Florida Bar No. 634727
E-mail: sebner@shutts-law.com
SHUTTS & BOWEN, LLP
201 South Biscayne Blvd., 15th Floor
Miami, FL 33131
Tel:(305) 358-6300
Fax:(305) 347-7760
*Attorneys for Metropolitan Life*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, who was also provided with a copy by U.S. Mail: Gregory M. Dell, Esq., Dell & Schaefer Chartered, 2404 Hollywood Boulevard, Hollywood, FL  33020.

s/. Steven M. Ebner
OF COUNSEL

MIADOCS 1894684 1