# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-60378-CIV-UNGARO-BENAGES

ALLISON TRIEF,
    Plaintiff,

vs.

AMERICAN GENERAL LIFE
INSURANCE COMPANY,
    Defendant.



## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss and/or Abate Count II of Plaintiff's Complaint, filed March 27, 2006. (DE # 2.)  Plaintiff filed a response on April 13, 2006 to which Defendant replied on April 24, 2006.  Also before the Court is Plaintiff's Motion to Amend, filed May 30, 2006. (DE # 22.)  Defendant filed its response on June 7, 2000.  No reply was filed.  The matters are ripe for disposition.

THE COURT has considered the motions and the pertinent portions of the record and is otherwise fully advised in the premises.

### BACKGROUND

By way of background, on December 14, 2004, Defendant issued a life insurance policy to Plaintiff's husband, Roger Trief. (Pl.'s Compl. ¶ 4.)  The Policy was a Renewable Level Benefit 20 Year Term Life Policy covering Trief with $2,000,000 in benefits payable to Plaintiff upon his death. (Pl.'s Compl. ¶ 5.)  Trief died on October 23, 2005. (Compl. ¶ 7.)  On December 1, 2005, Plaintiff sent Defendant a notice of her husband's death and demanded payment of the

policy benefits. (Pl.'s Compl. ¶ 8.)  Although Defendant has not denied that Plaintiff is entitled

to the proceeds, it has yet to pay them to Plaintiff. (Pl.'s Compl. ¶ 9.)  Therefore, on February 28,

2006, Plaintiff filed her Complaint against Defendant including claims for: (1) declaratory relief;

(2) breach of implied obligation of good faith; and (3) breach of contract.  Defendant claims that

Plaintiff's claim for breach of implied obligation of good faith should be dismissed as a matter of

law.

## LEGAL STANDARD

On a motion to dismiss the court must view the complaint in the light most favorable to

the plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969), and may only grant the motion

where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Brooks v. Blue

Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *See also* Fed. R. Civ.

P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to

relief."). Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's]

allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *See also Brooks*, 116

F.3d at 1369.  Regardless of the alleged facts, however, a court may dismiss a complaint on a

dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d

1171, 1174 (11th Cir. 1993).

## ANALYSIS

*Defendant's Motion to Dismiss Count II*

Under Florida law, there is no independent cause of action for breach of an implied

covenant of good faith and fair dealing. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th

Cir. 1999).  Rather, a party must allege that an express contractual provision has been breached.

2

*Id.* Here, Plaintiff alleges that Defendant breached its implied covenant of good faith because it: (1) wrongfully and carelessly failed to pay the policy benefits in accordance with the terms and conditions of the Policy; (2) wrongfully and carelessly adjusted the claim submitted by Plaintiff; (3) failed to adjust the claim in good faith; (4) failed to investigate the claim in good faith; and (5) failed to pay the claim without any basis in fact or law specifically knowing of the harm that would be caused to Plaintiff. (Pl.'s Compl. ¶ 25.)

A review of these allegations demonstrates that Plaintiff has failed to state a claim for breach of implied covenant of good faith as a matter of law. The Policy does not mention how Defendant must adjust, investigate, or to pay claims and Plaintiff fails to allege that an express term of the contract has been breached. Additionally, even if the Court found that Plaintiff properly alleged breach of an express contract provision, the allegations resemble a claim for statutory bad faith rather than one for breach of implied obligation of good faith. *See* Fla. Stat. 624.155 (2005) (insurer liable for bad faith for failing in good faith to settle claims). As discussed *infra*, a claim for statutory bad faith is premature until the underlying coverage dispute is determined.

Alternatively, it appears that Plaintiff's allegations in count II amount to nothing more than a general allegation for breach of contract and are therefore duplicative of count III. *See Harrison v. Digital Health Plan*, 183 F.3d 1235 (11th Cir. 1999) (affirming district court's order dismissing duplicative claims). Accordingly, the Court finds that count II must be dismissed.

*Plaintiff's Motion to Amend*

Next, Plaintiff seeks to amend its complaint to include a claim for statutory bad faith pursuant to Fla. Stat. § 624.155. As both Plaintiff and Defendant acknowledge, a claim for bad faith cannot proceed until the underlying coverage dispute has been resolved. *Blanchard v. State*

3

*Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000). Generally, courts either abate or dismiss the claim for statutory bad faith until the underlying coverage dispute is determined. *O'Rourke v. Provident Life & Acc. Ins. Co.*, 48 F. Supp. 2d. 1383, 1384-85 (S.D.Fla. 1999) (ordering claim to be abated); *Vest*, 753 So. 2d at 1276 (ordering claim to be dismissed as premature). Here, Plaintiff's motion to amend is premature as the underlying coverage dispute has yet to be decided. If Plaintiff prevails on the issue of coverage, she may then move to amend her complaint to add a cause of action for statutory bad faith. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED. Count II of Plaintiff's complaint is DISMISSED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Amend is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this __10__ day of August, 2006.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

4

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6574-CIV-ZLOCH



FREDRIC R. GOTTLIEB, M.D.,

      Plaintiff,

vs.

                           O R D E R

THE PAUL REVERE LIFE INSURANCE
COMPANY, a Provident Company,
and THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES,

      Defendants.

      THIS MATTER is before the Court upon the Plaintiff, Fredric R. Gottlieb's Motion To Extend Discovery Cutoff And Pretrial Conference Date And Incorporated Memorandum Of Law (DE 29), upon the Plaintiff's Motion For Leave To File Amended Complaint And Motion To Bifurcate Trial (DE 30), and upon the Plaintiff's Notice Of Withdrawal Of Portion Of Motion To Amend bearing file stamp of the Clerk of this Court dated March 26, 1999. The Court has carefully reviewed said Motions and Notice and the entire Court file herein and is otherwise fully advised in the premises.

      On June 3, 1998, the Plaintiff, Fredric Gottlieb, M.D., commenced the above-styled cause by filing a Complaint (DE 1)

against the Defendants, Paul Revere Life Insurance Company and The Equitable Life Assurance Society Of The Unites States. Said Complaint asserts various breach of contract claims based on the Defendants' failure to pay disability benefits under insurance policies they had issued to the Plaintiff.

On March 11, 1999, the Plaintiff filed the instant Motion For Leave To Amend (DE 30) seeking leave to amend his Complaint so as to add a claim for statutory bad faith pursuant to Fla. Stat. §624.155, and to add a claim for breach of implied covenant of good faith and fair dealing pursuant to Florida common law. The Court notes that by Notice Of Withdrawal Of Portion Of Motion To Amend, the Plaintiff has withdrawn the portion of his Motion To Amend seeking to add a claim for statutory bad faith. The Plaintiff also seeks to extend the discovery deadline and the pre-trial conference scheduled for April 2, 1999, and to bifurcate at trial the breach of contract action and the bad faith action.

The Court notes that, although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend must be freely given when justice so requires, a district court may deny such leave for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of the amendment, etc.". Forman v. Davis, 371 U.S. 178, 182 (1962).

As to the common law action for breach of implied covenant of

2

good faith and fair dealing, the Court concludes that Florida law does not recognize a common law cause of action for breach of duty to act in good faith in a first-party action. <u>Talat Enterprises, Inc. v. Aetna Causalty & Surety Co.</u>, 952 F. Supp. 773, 774 n.1 (M.D. Fla. 1996); <u>State Farm Mutual Automobile Insur. Co. v. Laforet</u>, 658 So.2d 55 (Fla 1995); <u>Allstate v. Douville</u>, 510 So.2d 1200 (2d DCA 1987). Accordingly, the Court finds that an amendment to the Complaint based on such a claim would be futile. The Court also finds that an amendment to the Complaint based on such a claim would unduly prejudice the Defendants, and would unduly delay this proceeding which is scheduled for pretrial conference on April 2, 1999.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. The Plaintiff's Notice of Withdrawal Of Portion Of Motion To Amend be and the same is hereby approved, adopted, and ratified by the Court;

2. The Plaintiff, Frederic R. Gottlieb's Motion For Leave To Amend Complaint (DE 30) be and the same is hereby DENIED as moot as to the statutory bad faith claim and DENIED as the claim for breach of implied covenant of good faith and fair dealing;

3. The Plaintiff's Motion To Bifurcate Trial (DE 30) be and the same is hereby DENIED as moot; and

4. The Plaintiff's Motion To Extend Discovery Cutoff And

3

Pretrial Conference Date (DE 29) be and the same is hereby DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of March, 1999.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Craig M. Green, Esq.
For Plaintiff

Mark D. Greenberg, Esq.
For Defendants

4

# EXHIBIT 3



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.98-7372-CIV-UNGARO-BENAGES

JACOB NUDEL, M.D.,
Plaintiff,

FILED by ___ D.C.

JUL 2 1 1999

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

vs.

THE PAUL REVERE LIFE INS. CO.,
Defendant.

ORDER ON DEFENDANT'S
MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss, filed June 11, 1999.

THE COURT has reviewed the Motion, the pertinent portions of the record, and is otherwise

fully advised in the premises.

## BACKGROUND

On May 20, 1999, following this Court's April 30, 1999 Order granting with leave to amend

Defendant's Motion to Dismiss, Plaintiff Jacob Nudel, M.D. ("Plaintiff") filed a four-count Second

Amended Complaint ("Complaint") alleging that Defendant The Paul Revere Life Insurance

Company ("Defendant") wrongfully failed to provide him disability payments due him under his

disability policy ("Policy"). Specifically, Plaintiff brings the following claims against Defendant:

Count I - Breach of Contract; Count II - Negligent Misrepresentation; Count III - Unfair and

Deceptive Acts and Practices; and Count IV - Breach of Implied Covenant of Good Faith and Fair

Dealing. Defendant has filed an Answer to Count I and now moves to dismiss Counts II, III, and

IV of Plaintiff's Complaint.

## LEGAL STANDARD

On a motion to dismiss the Court must view the complaint in the light most favorable to the

plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 1848-49, 23 L.Ed.2d 404

(1969), and may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bradberry v. Pinnellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986). *See also* Fed. R. Civ. Pro. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L.Ed.2d 59 (1984); *Stevens v. Dep't of Health and Human Services*, 901 F.2d 1571, 1573 (11th Cir. 1990). Thus, the inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

## LEGAL ANALYSIS

### Count II - Negligent Misrepresentation

Defendant contends that Count II of Plaintiff's Complaint is barred by Florida's economic loss rule because the alleged misrepresentations are inseparable from his breach of contract claim. Plaintiff responds that the allegations supporting Count II arise independently from his breach of contract claim and, therefore, support an independent cause of action for negligent misrepresentation. According to Plaintiff, Defendant's alleged negligent misrepresentations are premised upon how Defendant promised to interpret the Policy in the event of his "Total Disability."

Although the economic loss rule generally bars recovery in tort in actions arising out of a breach of contract, it is well-settled that the "economic loss rule has not eliminated causes of action based upon torts *independent* of the contractual breach even though there exists a breach of contract action." *See HTP, Ltd. v. Lineas Aereas Costarricenses*, 685 So. 2d 1238, 1239 (Fla. 1996) (emphasis added). "Where a contract exists, a tort action will lie for either intentional or negligent

2

acts considered to be independent from acts that breached the contract." *Id.* However, where the alleged tort, such as negligent misrepresentation, is inseparable from the essence of the contract, the economic loss rule will bar the tort claim absent proof of personal injury or property damage independent of the breach of contract. *See Straub Capital Corp. v. L. Frank Chopin, P.A.,* 724 So. 2d 577 (Fla. 4th DCA 1998); *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.,* 694 So. 2d 74, 78 (Fla. 3d DCA), *rev. denied,* 700 So. 2d 685 (Fla. 1997) ("Misrepresentations relating to the breaching party's performance of a contract do not give rise to an independent cause of action in tort, because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement."); *Greenfield v. Manor Care, Inc.,* 705 So. 2d 926, 932 (Fla. 4th DCA 1997) ("When the misrepresentations are related to the breaching party's performance of the contract, they do not give rise to an independent cause of action in tort.").

Here, Plaintiff's allegations that Defendant misrepresented how "Total Disability" under the Policy would be "interpreted" are unavoidably inseparable from the alleged breach: Defendant's denial of benefits under the subject Policy. *See Clayton v. State Farm Mut. Auto. Ins. Co.,* 729 So. 2d 1012, 1013 (Fla. 3d DCA 1999); *Hotels of Key Largo,* 694 So. 2d at 78 ("[W]here the alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the economic loss rule applies and the parties are limited to pursuing their rights in contract."). Accordingly, Count II of Plaintiff's Complaint will be dismissed.

<u>Count III - Unfair and Deceptive Acts and Practices</u>

Defendant contends that Count III of Plaintiff's Complaint brought pursuant to Fla. Stat. § 624.155 should be abated because his underlying claim for recovery of benefits has not yet been resolved in his favor. The Court agrees. *See Doan v. John Hancock Mut. Life Ins.,* 727 So. 2d 400, 401 (Fla. 3d DCA 1999). Accordingly, Count III of Plaintiff's Complaint will be abated pending

3

disposition in Plaintiff's favor of his underlying liability action.

<u>Count IV - Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Defendant contends that Count IV of Plaintiff's Complaint should be dismissed because Florida law does not recognize a common law first party cause of action for breach of the implied covenant of good faith and fair dealing. Plaintiff responds that he is entitled to bring a separate cause of action for breach of the implied covenant of good faith and fair dealing because "it was reasonably implied that [Defendant] would not unilaterally change its interpretation of Total Disability as defined by the contract, or the basis upon which it would determine disability after the policy was sold [.]"

"Under Florida law, the implied covenant of good faith and fair dealing is a part of every contract[,] . . . [however,] no *independent* cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing." *Burger King Corp. v. Weaver*, 196 F.3d 1310, 1315, 1317-18 (11th Cir. 1999) (citations omitted). "Where a party to a contract has in good faith performed the express terms of the contract, an action for breach of the implied covenant of good faith will not lie." *Id.* at 1318 (citing *Hospital Corp. of Am. v. Florida Med. Ctr., Inc.*, 710 So.2d 573, 575 (Fla. 4th DCA 1998); *City of Riviera Beach v. John's Towing*, 691 So. 2d 519, 521 (Fla. 4th DCA 1997)).

Here, Plaintiff's claim for breach of the implied covenant is due to be dismissed because he has alleged no *express* provision of the Policy that Defendant allegedly breached. *See id.* Rather, the allegations supporting Count IV rely solely on the "implied terms" of the policy. *See, e.g.,* Complaint ¶¶ 50-53. In any event, the Court concludes that an action for breach of the implied covenant of good faith and fair dealing in a first-party action will not lie under Florida law. *See* Fla. Stat. § 624.155; *Talat Ent., Inc. v. Aetna Casualty & Surety Co.*, 952 F. Supp. 773 (M.D. Fla. 1996);

4

*Allstate Ins. Co. v. Douville*, 510 So. 2d 1200, 1202 (Fla. 2d DCA 1987). *See also Time Ins. Co., Inc. v. Burger*, 712 So. 2d 389 (Fla. 1998); *Gottlieb v. Paul Revere, et al.*, Case No. 98-6574-CIV-ZLOCK. Accordingly, Count IV of Plaintiff's Complaint will be dismissed.

Based on the above, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED. Counts II and IV of Plaintiff's Complaint are DISMISSED. Count III of Plaintiff's Complaint is ABATED until such time as the underlying liability action is resolved in his favor. It is further

ORDERED AND ADJUDGED that Plaintiff's Request for Oral Argument is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida this 21 day of July, 1999.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

5

# EXHIBIT 4

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No. 98-4186 (09)

GABRIEL P. CICALE

Plaintiff,

vs.

THE PAUL REVERE LIFE INSURANCE
COMPANY, a Provident Company,

Defendant.



_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## COUNT II OF PLAINTIFF'S AMENDED COMPLAINT

THIS CAUSE having come on to be heard on Defendant's Motion to Dismiss Count II of

Plaintiff's Amended Complaint on July 6, 1999, and the Court having heard argument of counsel, and

being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED as follows:

Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint is granted without

prejudice. Plaintiff may refile this Count only if he prevails on his claim for breach of contract. This

Court holds as a matter of law that Florida law does not recognize a common law cause of action for

breach of implied covenant of good faith and fair dealing in a first party action. *State Farm Mutual*

*Automobile Ins. Co. v. Laforet*, 658 So. 2d 55 (Fla. 1995); *Allstate v. Douville*, 510 So. 2d 1200 (2d

DCA 1987); *Talet Enterprises, Inc. v. Aetna Casualty & Surety Co.*, 952 F.Supp. 773 (M.D. Fla.

1996).

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida, this

____ day of _____, 1999.                    ROBERT LANCE ANDREWS        JUL 20 1999
                                                      A TRUE COPY

                                                      _____
                                                      CIRCUIT COURT JUDGE

Copies Furnished:
Leonor M. Lagomasino, Esq.
Craig M. Greene, Esq.

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

CASE NO. 98-6397-CIV-SEITZ/GARBER

JAMES B. SATOVSKY, D.D.S.,

Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant.

FILED by _CAV___ D.C.

SEP   1 1999

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## OMNIBUS ORDER

THIS MATTER is before the Court on the following motions: (1) Defendant's Motion to Dismiss or Abate Count II of the Amended Complaint [DE 38]; (2) Plaintiff's Motion to Extend Time to File Reply to Provident's Memorandum in Opposition to Motion to Compel Response to Second Request for Production [DE 20]; (3) Plaintiff's Motion to Amend/Modify Court Order Adopting Joint Scheduling Report to Allow for Amendment of the Pleadings [DE 28]; and (4) Plaintiff's Motion for Hearing on Motion to Dismiss Count II [DE 46]. The Court has considered the above referenced Motions and the pertinent portions of the record and is otherwise fully advised.

1. Defendant's Motion to Dismiss or Abate

Count II of Plaintiff's Amended Complaint is a claim for breach of implied covenant of good faith and fair dealing. Defendant moves to dismiss or abate Count II arguing that no cause of action for breach of implied covenant of good faith and fair dealing exists in Florida, or in the alternative, that it should be abated pending resolution of the underlying contractual claim. The Eleventh Circuit found that a cause of action for breach of an implied covenant of good faith and fair dealing cannot be maintained in derogation of, or in the absence of a breach of, an express term of the underlying contract. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1317-18 (11th Cir. 1999)(claim could not be maintained without

identifying express contractual provision that had been breached) (*citing Riviera Beach v. John's Towing*, 691 So.2d 519, 521 (Fla. Dist. Ct. App. 1997) and *Hospital Corp. of America v. Florida Med. Ctr., Inc.*, 710 So.2d 573, 575 (Fla. Dist. Ct. App. 1998)).

The Court finds that plaintiff has alleged that Defendant breached express provisions of an insurance contract. The Eleventh Circuit's opinion in *Weaver* confirms the existence of a common law cause of action for breach of an implied covenant of good faith and fair dealing under appropriate circumstance. *Weaver*, 169 F.3d at 1317-18. Contrary to Defendant's assertion, Plaintiff has not asserted a statutory "bad faith" claim. However, the same concerns which merit abating a bad faith claim also apply to the breach of an implied covenant of good faith and fair dealing claim because the resolution of the underlying contractual issue necessarily impacts the validity of the implied covenant claim. Accordingly, it is hereby

ORDERED that the Plaintiff's Motion to Dismiss or Abate Count II of the Amended Complaint [DE 38] is GRANTED IN PART. Count II of Plaintiff's Amended Complaint, the claim for breach of an implied covenant of good faith and fair dealing, is hereby ABATED.

## 2. Remaining Motions

It is hereby ORDERED as follows: Plaintiff's Motion to Extend Time to File Reply to Provident's Memorandum in Opposition to Motion to Compel Response to Second Request for Production [DE 20] is DENIED AS MOOT; Plaintiff's Motion to Amend/Modify Court Order Adopting Joint Scheduling Report to Allow for Amendment of the Pleadings [DE 28] is DENIED AS MOOT; and Plaintiff's Motion for Hearing on Motion to Dismiss Count II [DE 46] is DENIED.

DONE AND ORDERED in Miami, Florida, this ___ day of September, 1999.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Craig M. Greene, Esq.
        John E. Meaghor, Esq.
        John E. Calles, Esq.

-2-

# EXHIBIT 6

Westlaw.

Slip Copy
Slip Copy, 2006 WL 1000308 (M.D.Fla.)
(Cite as: 2006 WL 1000308 (M.D.Fla.))

Page 1

**C**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Jacksonville Division.
Margaret L. DENNIS, Plaintiff,
v.
The NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY, a Wisconsin
Corporation,
Defendant.
No. 3:06-cv-43-J-20MCR.

April 14, 2006.

Alicia Paulino-Grisham, Steven Jay Dell, Dell &
Schaefer, P.A., Hollywood, FL, for Plaintiff.

Robert A. Freyer, Shutts & Bowen LLP, Orlando,
FL, for Defendant.

*ORDER*

MONTE C. RICHARDSON, Magistrate Judge.

*1 THIS CAUSE is before the Court on Defendant
Northwestern Mutual's Motion to Strike (Doc. 6)
filed March 14, 2006. Plaintiff filed a response
opposing Defendant's motion on March 28, 2006.
Accordingly, the matter is now ripe for judicial
review.

**I. BACKGROUND**

On January 17, 2006, Plaintiff filed the Complaint in
this case seeking damages for breach of the four
disability policies she purchased from Defendant.
(Doc. 1). Although Plaintiff states claims and seeks
damages only for breach of the four contracts, she
alleges nine independent theories as to how
Defendant breached the contracts. Specifically,
Plaintiff states that Defendant breached the contracts
by refusing to pay benefits to [Plaintiff]. [FN1] (Doc.
1, ¶ ¶ 28(d), 32(d), 36(d), and 40(d)). Additionally,
Plaintiff alleges that Defendant breached the
contracts by:

FN1. Defendant does not contest this

allegation in its motion. Therefore, the
Court's analysis will focus on the remaining
allegations of breach.

a. improperly failing to consider and/or improperly
ignoring information presented by [Plaintiff], her
agents or physicians, establishing [Plaintiff's]
entitlement to individual disability benefits;
b. improperly utilizing Medical Examiners who are
neither independent nor neutral;
c. failing to properly evaluate [Plaintiff's] claims
for benefits in a timely and efficient manner;
e. acting without due regard for [Plaintiff's]
interests;
f. failing to abide by the implied covenant of good
faith and fair dealing;
g. failing to properly evaluate [Plaintiff's] claim for
disability benefits;
h. improperly failing to apply the appropriate
standard to [Plaintiff's] right to current and future
benefits under the Disability Policies according to
applicable law; and
i. Such other acts or failures to act as may
constitute grounds for recovery in this action.
(Doc. 1, ¶ ¶ 28 (a-c, e-i), 32 (a-c, e-i), 36 (a-c, e-i),
and 40 (a-c, e-i)). Plaintiff also alleges in ¶ 18 of the
Complaint that "[d]espite a plethora of medical
evidence documenting [Plaintiff's] disability,
[Defendant] continued to conduct an overly extensive
and unreasonable appeals investigation."

On March 14, 2006, Defendant filed this Motion to
Strike asking this Court to strike Plaintiff's
allegations set forth above. [FN2] Defendant argues
that these allegations are accusations of improper
claim handling which are irrelevant to the breach of
contract action and improper as a matter of law.
(Doc. 6, p. 9). Further, Defendant maintains that the
allegations should be stricken because they are
prejudicial to Defendant, an attempt to make a bad
faith claim, and/or an attempt to take the focus away
from the only real issue for determination--whether
or not Plaintiff is disabled. (Doc. 6, pp. 9-10).

FN2. Specifically, Defendant requests this
Court strike ¶ 18 and ¶ ¶ 28 (a-c, e-i), 32
(a-c, e-i), 36 (a-c, e-i), and 40 (a-c, e-i) of
the Complaint.

Plaintiff filed a Response to Defendant's Motion to
Strike (Doc. 8) on March 28, 2006, and asserts that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1000308 (M.D.Fla.)
(Cite as: 2006 WL 1000308 (M.D.Fla.))

she is not seeking bad faith damages. Rather, she states she is merely seeking contractual damages and that she should be entitled to be "the master of her pleadings." (Doc. 8, p. 3). Moreover, Plaintiff argues that the allegations Defendant is attempting to strike are relevant because how Defendant breached its duties and how it came to its decision to deny Plaintiff disability benefits are relevant to her breach of contract claims. (Doc. 8, p. 6).

## II. DISCUSSION

*2 Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Typically " 'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.' " _Nankivil v. Lockheed Martin Corp._, 216 F.R.D. 689, 691 (M.D.Fla.2003) (quoting, _Reyher v. Trans World Airlines, Inc._, 881 F.Supp. 574), _aff'd_, 87 F. App'x 713 (11th Cir.2003); _Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp_., 1999 WL 781812, at *1 (M.D.Fla.1999). Because Plaintiff readily admits that she is not asserting any claims or seeking any damages other than those for breach of contract, the sole issue for this Court to decide is whether Plaintiff's allegations, set forth above, are immaterial, impertinent, prejudicial, or redundant to Plaintiff's breach of contract claims, as Defendant contends they are.

After a review of the allegations at issue in this matter, this Court finds that Plaintiff's allegations fall within two categories: (a) allegations relating to Defendant's alleged bad faith in the way it handled Plaintiff's claims, and (b) allegations relating to Defendant's alleged breach of the implied duty of good faith and fair dealing. This Court will address the two categories of allegations separately.

### A. Allegations of Bad Faith

The first issue before this Court is whether Plaintiff's allegations, which relate to Defendant's alleged bad faith claim handling, should be stricken because they are irrelevant and/or immaterial to Plaintiff's breach of contract claims or prejudicial to Defendant. Courts have defined "immaterial" or "impertinent" for the purposes of conducting a Rule 12(f) analysis. An allegation which has no value in developing the issues in a case is "immaterial." _Oaks v. City of_

_Fairhope_, 515 F.Supp. 1004, 1032 (S.D.Ala.1981) (quoting 2A Moore's Federal Practice P 12.21(1) at 2420 (2d ed.1979)). Allegations which are " 'not relevant' to the issues 'involved in the case and which could not be put in issue or be given in evidence between the parties' " are "impertinent." _Id._

Defendant argues that the contested allegations [FN3] prejudice Defendant and are immaterial and impertinent to the breach of contract claims because the focus of the action should be whether Plaintiff is disabled and not whether Defendant performed its obligations in good faith. Plaintiff, on the other hand, argues that each of her allegations relate directly to the controversy and are thus, relevant. She further argues that they do not prejudice Defendant.

> FN3. Defendant does not argue that allegation (f) is a claim for bad faith. Therefore, the Court will not analyze allegation (f) under this section. Defendant does, however, contest allegation (f) under its argument that Plaintiff does not sufficiently assert a claim for breach of the implied duty of good faith and fair dealing. Consequently, the Court will analyze allegation (f) under its discussion of breach of the implied duty of good faith and fair dealing.

It is clear that Plaintiff's allegations, labeled as ¶ 18 and ¶ ¶ (a-c), (e), and (g-i) above, are allegations of bad faith actions on the part of Defendant. The parties agree that Plaintiff cannot assert a bad faith cause of action against Defendant at this time. In fact, it is well established, under Florida [FN4] statutory law, that a party may not assert a first-party claim for bad faith against an insurer until the insured has proven liability in her underlying contractual claim. [FN5] _Talat Enterprises, Inc. v. Aetna Life & Cas._, 952 F.Supp. 773, 776 (M.D. Fla 1996); _aff'd_, 217 F.3d 1318 (11th Cir.2000) ("A first-party bad faith claimant cannot state a cause of action until he can allege that there has been a determination of the insured's damage."); _Lane v. Provident Life and Accident Ins. Co._, 71 F. Supp 2d 1255, 1256 (S .D.Fla.1999) (noting that under _Florida Statutes §_ _624.155(1)(b)_, a claim for bad faith does not accrue until after an insured has proven liability in her underlying contractual claim); _see also_ FLA. STAT. § 624.155 (2005) (authorizing insureds to assert claims against an insurer for various acts, including bad faith).

> FN4. Because jurisdiction in this case is

Slip Copy
Slip Copy, 2006 WL 1000308 (M.D.Fla.)
(Cite as: 2006 WL 1000308 (M.D.Fla.))

based on diversity of citizenship and Florida is the forum state, Florida choice of law rules govern this action. Florida choice of law rules provide that Florida law applies to this matter because the Plaintiff resided in Florida when Defendant issued the disability policies to her. See *Pastor v. Union Central Life Ins. Co.*, 184 F.Supp.2d 1301, 1305 (S.D.Fla.2002). The parties do not dispute that Florida law applies.

FN5. The parties both correctly assert there is no common law action for bad faith in Florida. See *Talat Enterprises, Inc. v. Aetna Life & Cas.*, 952 F.Supp. 773, 754 (M.D.Fla.1996); aff'd, 217 F.3d 1318 (11th Cir.2000).

*3 Plaintiff does not attempt to assert a separate cause of action for bad faith; however, her allegations within her breach of contract claims are indistinguishable from allegations of bad faith for improper claims handling. [FN6] Therefore, the parties arguments focus on whether bad faith allegations are permissible and relevant in an insurance coverage dispute. In conducting a Rule 12(f) analysis, the Court finds it necessary to look to the rationale behind the law prohibiting a party from asserting a first-party bad faith insurance claim until the issue of coverage is resolved. Florida courts have made it clear that the rationale for such rule is as follows: if no insurance coverage exists, there can be no loss or injury for which the insurer is contractually liable and thus, the insurer could not have acted in bad faith in refusing to provide coverage for disability benefits. See *OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc.*, 898 So.2d 113, 115 (Fla. 5th DCA 2005) (stating that there can be no liability for bad faith coverage if it did not exist in the first place); *Hartford Ins. Co. v. Mainstream Const. Group*, 864 So.2d 1270, 1272 (Fla. 5th DCA 2004) (observing that the rationale for requiring coverage before a claim for bad faith may be prosecuted is because an insurer cannot be liable for bad faith if coverage does not exist).

FN6. This Court finds Defendant's comparison of the contested allegations to the statutory authority which provides a basis for bad faith claims persuasive. It is apparent that the contested allegations are allegations of bad faith which parallel the bases for asserting bad faith claims under the Florida statutes. See FLA. STAT. § 624.155 (2005).

Florida courts have held that allowing references to an insurer's alleged bad faith actions into evidence during litigation involving a coverage dispute will prejudice the insurer and could distort the jury's view of the coverage issue. See e.g., *OneBeacon*, 898 So.2d at 115 (finding that the rationale behind the statutory rule requiring plaintiff to first resolve the coverage issue before bringing a bad faith claim was that a "carrier would clearly be prejudiced by having to litigate ... a bad faith claim ... in tandem with a coverage claim because the evidence used to prove bad faith or unfair practices could well jaundice the jury's view of the coverage issue."); *Hartford Ins. Co.*, 864 So.2d at 1272-73 (same). Consequently, this Court believes that if Plaintiff is not authorized to assert a bad faith claim until she has proven liability, then it necessarily follows that evidence relating to Defendant's alleged bad faith is not relevant or admissible in the underlying breach of contract claim.

In other words, the reason coverage and bad faith dispute issues are tried separately is because the issue of whether a party is covered under a disability policy is determined from different facts and evidence than that used to determine whether an insurer acted in bad faith. Consequently, pleading allegations or conducting discovery on the issue of improper claim handling is not allowed under Florida law unless Plaintiff first determines coverage exists. Therefore, Plaintiff's bad faith allegations are prejudicial to Defendant. See *Hartford Ins. Co.*, 864 So.2d at 1272 (stating that "as an insured is not entitled to discover an insurer's claim file or documents relating to the insurer's business policies or claims practices until coverage has been determined, it is inappropriate to run the bad faith ... claims conjoined with coverage issues.").

*4 This, however, does not mean that Defendant will not have to provide Plaintiff and this Court with the reasons it denied Plaintiff disability benefits. In fact, Defendant is correct in stating that it will be required to provide information to Plaintiff such as why it refused to pay Plaintiff benefits and which physicians' opinions it considered in making the determination that Plaintiff is not disabled. (Doc. 6, p. 19).

While Plaintiff's allegations are of the type which can and should be plead in the event that Plaintiff proves disability coverage and thereafter asserts a bad faith claim against Defendant, they are irrelevant and inadmissible for her breach of contract claims at issue in this case. Thus, this Court finds that the allegations

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

fall within the definitions of "immaterial" and "impertinent" under Rule 12(f) and would be prejudicial to Defendant if ever reviewed by a jury. Consequently, unless this Court finds that the allegations are relevant to Plaintiff's claim for breach of the implied duty of good faith and fair dealing, this Court is warranted in striking Plaintiff's allegations. *See Brown v. Seebach III, 763 F.Supp. 574, 583-84 (S.D.Fla.1991)* (granting defendants' motion to strike various portions of plaintiff's complaint because they are not permitted by Florida law); *Nextel of New York, Inc. v. City of Mount Vernon, 361 F.Supp.2d 336, 340 (S.D.N.Y.2005)* (striking various references in the complaint and reasoning that they were unnecessary and would be prejudicial if reviewed by a jury).

**B. Allegations of Breach of the Implied Duty of Good Faith and Fair Dealing**

Plaintiff is correct in her assertion that "Florida law clearly allows a plaintiff to allege a breach of an insurance contract by means of a breach of the covenant of good faith and fair dealing implied in every contract." (Doc. 8, pp. 5-6). In fact, nothing in Florida Statute § 624.155 prevents Plaintiff from asserting a claim for breach of the implied covenant of good faith and fair dealing. Because Plaintiff argues that ¶ ¶ (c) and (f) support her claim for breach of the implied duty of good faith and fair dealing, this Court will not strike such claims unless they are also redundant, immaterial, impertinent and/or prejudicial to Plaintiff's claim for breach of the implied duty of good faith and fair dealing. Accordingly, the next issue for this Court to consider is whether Plaintiff's allegations in ¶ ¶ (c) and (f) are proper allegations in light of Plaintiff's claim for breach of the implied duty of good faith and fair dealing.

Paragraph (f), referred to above, directly states that Defendant breached the covenant of good faith and fair dealing. Defendant asks this Court to strike paragraph (f) from the Complaint because Plaintiff fails to point to an express contractual provision that Defendant breached. (Doc. 6, pp. 16-18). Additionally, Defendant asserts that Plaintiffs allegations for breach of the implied duty of good faith and fair dealing are duplicative of Plaintiff's breach of contract claim. (Doc. 6, pp. 18-19).

*5 Plaintiff states, however, that she intended both paragraphs (c) and (f) to state claims for breach of contract and breach of the implied duty of good faith and fair dealing. (Doc. 8, p. 6). She further states that

she has a right to prove that Defendant breached both the express and implied terms of the contract. *Id.* Because this Court has already found that paragraph (c) could be prejudicial to Defendant, this Court must now look at both paragraphs (c) and (f) to determine whether they should be stricken from Plaintiff's Complaint.

The parties agree that Florida law prohibits Plaintiff from asserting a separate claim for breach of the covenant of good faith and fair dealing. Plaintiff maintains that she can prove her breach of contract claim by showing Defendant breached the duty of good faith and fair dealing. (Doc. 8, p. 7). Defendant, however, asserts that Plaintiff cannot allege breach of the implied covenant of good faith and fair dealing because she has not alleged that Defendant breached an express provision of the disability policies. (Doc. 6, p. 17). Plaintiff responds that her allegations of breach relate to specific contractual provisions within the disability policies.

As stated above, in order for this Court to determine whether it should strike ¶ ¶ (c) and (f), this Court must again conduct an analysis under Rule 12(f), which governs motions to strike. In circumstances where a party moves to strike allegations which together attempt to state a legal claim, a motion to strike can be treated as a motion to dismiss for failure to state a claim upon which relief could be granted. *See Brown, 763 F.Supp. at 583* (treating a motion to strike as a motion to dismiss). Because Plaintiff states that she is attempting to plead breach of the disability policies by means of breach of the covenant of good faith and fair dealing, this Court finds that it is appropriate to treat Defendant's motion to strike as a motion to dismiss for failure to state a claim for breach of the implied duty of good faith and fair dealing.

As an initial matter, the Court notes: " 'a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim.' " *Bearelly v. Florida Dept. of Corrections, 2002 WL 400779 *1 (M.D.Fla.2002)* (quoting, *Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505, 506 (5th Cir.1971)*). In evaluating a motion to dismiss, "the allegations of the complaint must be accepted as true and viewed in the light most favorable to the plaintiff." *Bearelly, 2002 WL 400779 at * 1* (citations omitted).

Plaintiff cannot maintain a claim for breach of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1000308 (M.D.Fla.)
(Cite as: 2006 WL 1000308 (M.D.Fla.))

implied duty of good faith and fair dealing unless she asserts a breach of an express contract provision. *Centurian Air Cargo, Inc. v. United Parcel Service Co.*, 420 F.3d 1146, 1151 (11th Cir.2005); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1316 (11th Cir.1999). Moreover, a claim for breach of the implied duty of good faith and fair dealing cannot be invoked to override the express terms of an agreement between the parties. *Insurance Concepts and Designs, Inc. v. Healthplan Services, Inc.*, 785 So.2d 1232, 1234 (Fla. 4th DCA 2001). Finally, in order to state a claim for breach of the implied duty of good faith and fair dealing, Plaintiff must assert allegations different than those underlying the accompanying breach of contract claim. *Shibata v. Lim*, 133 F.Supp.2d 1311, 1319 (M.D.Fla.2000).

*6 In their respective memoranda, the parties correctly state the law which governs breach of the implied duty of good faith and fair dealing; their disagreement however lies in their analysis of what constitutes breach of an express provision of the contract. Plaintiff argues that paragraphs (c) and (f) support its claim for breach of the implied covenant of good faith and fair dealing. Again, these paragraphs state that Defendant breached the disability policy by:

   c. failing to properly evaluate [Plaintiff's] claim for disability benefits;
   f. failing to abide by the implied covenant of good faith and fair dealing.

(Doc. 1, ¶ ¶ 28(c) and (f); 32(c) and (f); 36(c) and (f); and 40(c) and (f)).

Plaintiff asserts that these allegations of breach "relate specifically to contractual provisions within the policy of insurance." (Doc. 8, p. 7). Plaintiff, in her memorandum, quotes several sections from the disability policies. *See id.* Notably, Plaintiff does not point to any express provision that Defendant breached. In fact, Plaintiff does not even argue that Defendant breached one or more of the specific contractual provisions it points to in its memorandum. Rather, Plaintiff argues that the provisions in the contract should be construed to provide for mutuality of obligation. (Doc. 8, p. 8). In other words, Plaintiff is asking this Court to read additional meaning into the express contractual terms.

The Court is not persuaded by Plaintiff's mutuality of obligation argument. The law is clear that a claim for breach of good faith and fair dealing cannot override the express terms of the agreement. *See Insurance Concepts and Designs, Inc.*, 785 So.2d at 1234.

Moreover, the duty of good faith does not attach until the Plaintiff can establish a specific contractual obligation. *See Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1314 (11th Cir.1998); *Insurance Concepts and Designs, Inc.*, 785 So.2d at 1235. Consequently, Plaintiff fails to state a claim for breach of the implied duty of good faith and fair dealing and as such, allegations (c) and (f) should also be stricken.

After due consideration, it is

**ORDERED:**

Defendant Northwestern Mutual's Motion to Strike (Doc. 6) is **GRANTED.** Plaintiff's allegations in ¶ 18 and ¶ ¶ 28 (a-c, e-i), 32 (a-c, e-i), 36 (a-c, e-i), and 40 (a-c, e-i)) are stricken.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this *14th* day of April, 2006.

Slip Copy, 2006 WL 1000308 (M.D.Fla.)

**Motions, Pleadings and Filings (Back to top)**

• 3:06cv00043 (Docket) (Jan. 17, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.