UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 06-61607-CIV-COOKE/BROWN

SCOTT HERMAN,

          Plaintiff,

vs.

METROPOLITAN LIFE
INSURANCE COMPANY,
a foreign corporation,
          Defendant(s).
_____

## PLAINTIFF'S RESPONSE TO DEFENDANT METLIFE'S MOTION TO STRIKE AND MEMORANDUM OF LAW

The Plaintiff, **SCOTT HERMAN** by and through the undersigned attorneys files this response to Defendant, **METROPOLITAN LIFE INSURANCE COMPANY'S** motion to strike and memorandum of law and in support thereof states as follows:

### BACKGROUND

Plaintiff, Scott Herman (hereinafter referred to as "Herman") filed a claim for disability insurance benefits with Defendant, Metropolitan Life Insurance Company (hereinafter referred to as "MetLife.") As part of the "claims process", MetLife requested not only claims forms, financial records, tax returns and medical records, but also various other records pertaining to Herman and his practice. Subsequently, MetLife approved and paid Herman disability insurance benefits from June 3, 2004 until August 16, 2004, when MetLife improperly terminated Herman's disability insurance benefits.

Soon after MetLife denied Herman's disability benefits, he brought this action seeking damages for breach of contract only. Herman has not and does not seek any damages other than the

benefits he is entitled to under his disability contract. Herman does not plead entitlement to any extra-contractual relief and has not asserted a cause of action under Section 624.155, Fla. Stat. for bad faith. Herman seeks to establish MetLife's failure to perform its obligations, both expressed and implied, under the disability contract.

With respect to pleading breach of contract and breach of the implied covenant of good faith and fair dealing, Herman's Complaint alleges that MetLife breached the contract and likewise breached the implied covenant of good faith and fair dealing as follows:

    a. failing to interpret and apply the provisions entitled "Total disability" and "Monthly Benefit for Total Disability" in accordance with Florida law;

    b. failing to properly interpret and apply the provision entitled "Time of Payment of Claim" in accordance with the policy provisions and Florida law, insofar as payment is required to be made after receiving written proof of loss as defined in the policy. Defendant MetLife, in violation of the covenant of good faith and fair dealing has required far beyond what is required in the proof of loss provision before making payment under the Policy;

    c. failing to properly interpret and apply the provision entitled "Claim Forms" in accordance with the Policy provisions and Florida law, insofar as Defendant MetLife has requested far more than "proof of loss forms" sent to Plaintiff or a written statement of the nature and extent of Plaintiff's loss to the point of ridicule in violation of the implied covenant of good faith and fair dealing, and with respect to the purported "proof" requested of Plaintiff, Defendant MetLife has failed to fairly review and analyze that purportedly necessary proof in violation of the covenant of good faith and fair dealing.

MetLife seeks an order striking the above allegations under the theory that Herman is seeking "bad faith" damages and that the disputed allegations are duplicative, irrelevant and prejudicial to MetLife. MetLife simply seeks to impermissibly control the manner in which Herman is entitled to assert his cause of action for breach of contract and breach of the implied covenant of good faith and fair dealing. Herman is the master of his pleadings and the allegations plead by Herman have nothing to do with "bad faith" claims handling. Paragraphs 21 a, b and c; 24

a, b and c; and 28 a, b and c, specifically allege the express provisions of the disability contract that were breached by MetLife and the specific manner in which they were breached. The striking of paragraphs 21 a-c, 24 a-c and 28 a-c, would severely prejudice Plaintiff's ability to prove breach of contract and breach of the implied covenant of good faith and fair dealing.

## STANDARD OF REVIEW FOR A MOTION TO STRIKE

A motion to strike may be granted if a pleading contains any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Rule 12 (f), Fed. R. Civ. P. Although the court retains discretion in determining whether to grant a motion to strike, the standard to be utilized is whether the allegations have no possible relation to the controversy and may cause prejudice to the moving party. Williams v. Eckerd Youth Alternative, 908 F. Supp. 908 (M.D. Fla. 1995); see also Poston v. American President Lines, Ltd., 452 F. Supp. 568 (S.D. Fla. 1978). Additionally, many courts have referred to a motion to strike as a "time waster." Poston, 452 F. Supp. at 570.

## ARGUMENT

### A. The Plaintiff's Allegations are Proper Allegations Showing Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing, and are Relevant to the Plaintiff's Claim.

The Plaintiff's allegations are proper allegations showing breach of contract and breach of the implied covenant of good faith and fair dealing and are relevant to his claim against the Defendant. Contrary to the Defendant's contention, Plaintiff has not asserted a "bad faith" claim nor is there anything in the Complaint seeking to invoke extra-contractual damages for bad faith under Section 624.155, Fla. Stat. See Opperman v. Nationwide Insurance, 515 So.2d 263,267 (5th DCA 1987)(The court stated, "The function of the bad faith claim is to provide the insured with an extra-contractual remedy.") MetLife is correct in stating that a bad faith claim cannot be brought at the same time as an insurance claim dispute because the insurance claim dispute must be settled

favorably before a bad faith claim accrues. Stallworth v. Hartford Ins. Co., No. 06-80, 2006 WL 2711597 at *5 (N.D. Fla. Sept 19, 2006); See Lane v. Provident Life & Accident Ins. Co., 71 F.Supp. 2d 1255, 1256 (S.D. Fla. 1999). However, MetLife is wrong in their argument that issues of good faith and fair dealing are irrelevant to a claim for breach of contract. It has been well established that issues of good faith and fair dealing are relevant to a claim for breach of contract as the covenant of good faith and fair dealing is implied in every contract. Publix Super Markets, Inc. v. Wilder Corp. of Delaware,876 So 2d. 652, 654 (Fla. 2d DCA 2003); Southern Inter Sys., Inc. v. Pritula, 856 So.2d 1125, 1127 (Fla. 4th DCA 2003). In Insurance Concepts and Design, Inc. v. Healthplan Services, Inc., 785 So.2d 1232, 1234 (Fla. 4th DCA 2001), the issue presented was "whether a cause of action can be maintained for breach of an implied covenant of good faith and fair dealing absent the allegation that the breaching party failed to perform an express provision of the contract." The court stated, "Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract and the covenant is intended to protect the reasonable expectations of the contracting parties in light of their express agreement." Id. at 785 So.2d 1232,1234; *See also* Southern Internet Sys., Inc. v. Pritula, 856 So.2d 1125, 1127 (Fla. 4th DCA 2003), *citing* Insurance Concepts and Design, Inc. v. Healthplan Services, Inc., 785 So.2d 1232, 1234 (Fla. 4th DCA 2001), (The court affirms the concept of implied covenant of good faith and fair dealing in every contract.)

The allegations contained in Paragraphs 21 a-c, 24 a-c and 28 a-c of the Complaint are facts regarding breaches of expressed provisions in the subject disability insurance policy and are relevant to the Plaintiff's claim against the Defendant for breach of contract and breach of the implied covenant of good faith and fair dealing. In the case at bar, the implied covenant of good faith and fair dealing is a contractual term that is inherent within the disability contract entered into

4

between the Plaintiff and Defendant. The Plaintiff's claim that the Defendant "breached the contract and likewise breached the implied covenant of good faith and fair dealing" is supported by the essential and relevant factual allegations that the Defendant has breached multiple express terms of the disability contract as plead in paragraphs 21 a-c, 24 a-c and 28 a-c.

### B. Plaintiff's Allegations of Defendant's Breach of the Implied Covenant of Good Faith and Fair Dealing are Distinct from those Underlying the Accompanying Breach of Contract Claim and Therefore Are Not Duplicative and Should be Maintained.

First, Defendant improperly wants this Court to draw the conclusion that the subject allegations are duplicative simply because the Plaintiff, "has sued MetLife in a single count complaint for breach of a disability insurance contract. There is no attempt made to plead any other separate cause of action, despite the allegations in paragraphs 21, 24 and 28 of the Complaint." See page 7 of Defendant's Motion to Strike. However, Defendant completely fails to realize that in order to properly plead allegations for breach of the implied covenant of good faith and fair dealing, Plaintiff cannot allege said allegations in an independent cause of action for breach of an implied covenant of good faith and fair dealing, but rather must simply allege that an express contractual provision has been breached in violation of the implied covenant of good faith and fair dealing. Burger King Corp. v. Weaver, 169 F.3d 1310, 1318 (11th Cir.1999). As such, Defendant cannot possibly highlight as evidence of duplicative allegations the fact that Plaintiff failed to plead any other separate cause of action for breach of the implied covenant of good faith and fair dealing, since paragraphs 21, 24 and 28 are plead in accordance with the 11th Circuit holding in Weaver.

The Defendant correctly cites in part D of its Motion to Strike that a breach of the implied covenant of good faith and fair dealing cannot be maintained where the alleged conduct is duplicative of the companion cause of action alleging breach of contract. However, Defendant's

5

reliance on Trief v. American General Life Insurance Company, Case No. 06-60378-CIV-Ungaro-Benages is completely misplaced for the following reasons: First, Trief failed to allege that any expressed terms of the contract had been breached, unlike Herman whose allegations in paragraphs 21 a-c, 24 a-c and 28 a-c specifically allege which expressed provisions of the contract were breached by MetLife and the specific manner in which they were breached. Second, the allegations in Trief essentially mirror Fla. Stat. 624.155 and resemble a claim for statutory bad faith as opposed to alleging a breach of an expressed contract provision in violation of the implied covenant of good faith and fear dealing. Third, Trief's allegations amount to nothing more than a general allegation for breach of contract which is in fact duplicative and improper when attempting to plead breach of the implied covenant of good faith and fair dealing unlike the allegations in Herman's Complaint which plead with specificity how MetLife breached expressed provisions of the disability insurance contract in violation of implied covenant of good faith and fair dealing.

## CONCLUSION

If the Defendant in this case had its way, then the only thing that the Plaintiff would be able to allege is that Defendant breached the contract because Plaintiff did not receive his disability benefits. The allegations would be sparse and the case decided in a vacuum, with no evidence of why the benefits were refused, what information was considered, what weight was given to various physician's opinions and what policy provisions were reviewed and why. It would be as if no decision had been made and the court would be the primary reviewer of all claims. The Defendant could not reasonably suggest such a scenario. It cannot ignore its decision, the steps taken and information considered in making its decision to deny benefits to Herman. Nor can it ignore the provisions of the policies requiring it to consider the proof of loss submitted and the common law application of the implied covenant good faith and fair dealing in

6

every contract. All of the allegations contained in paragraphs 21 a-c, 24 a-c and 28 a-c of the Complaint are relevant to the issue of how the Defendant breached express provisions in the disability contract.

The Defendant has made no showing that the allegations in the Complaint are insufficient, redundant, immaterial, impertinent or scandalous matter. The Plaintiff has pled multiple allegations with specificity related to express provisions of the disability contract in support of his claim for relief for breach of contract and breach of the implied covenant of good faith and fair dealing . Herman seeks no remedy for "bad faith" or extra-contractual damages. Herman pleads specifically that MetLife has breached expressed provisions in the disability contract in violation of implied covenant of good faith and fair dealing, and in no way are paragraphs 21 a-c, 24 a-c and 28 a-c duplicative of the breach of contract claim. Accordingly, MetLife's motion should be denied.

                                                ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

CESAR GAVIDIA, ESQUIRE
Florida Bar No.: 015263
GREGORY M. DELL, ESQUIRE
Florida Bar No.: 299560

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of January, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, who was also provided with a copy by U.S. Mail: Steven

7

Ebner, Esquire, Shutts & Bowen LLP, 1500 Miami Center 201 South Biscayne Boulevard, Miami, FL 33131.

                                          Cesar Gavidia, Jr.
                                          Florida Bar No. 15263
                                          Attorney for Scott Herman
                                          Attorneys Dell & Schaefer, Chartered
                                          2404 Hollywood Blvd.
                                          Hollywood, FL 33020
                                          Telephone: (954) 620-8300
                                          Fax: (954) 920-9538
                                          cesar@diattorney.com