UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 06-61607-CIV-COOKE/BROWN

SCOTT HERMAN,

    Plaintiff,

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT METLIFE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

Pursuant to Local Rule 7.1(C), Defendant Metropolitan Life Insurance Company ("MetLife"), files this reply memorandum of law in support of its motion to strike (the "Motion") certain allegations contained in the Complaint of Plaintiff Scott Herman ("Herman"). As explained below, Herman's response to the instant motion (the "Response") makes explicit concessions that conclusively establish the appropriateness of the relief sought by MetLife. Accordingly, the motion should be granted.

The Complaint asserts only counts for breach of disability insurance contracts. The gravamen of the action is MetLife's failure to pay Herman's allegedly meritorious claim for disability benefits under the policies. Complaint ¶¶ 16, 17, 20, 23 and 27. Herman also alleges -- in the counts, titled "Breach of Contract" -- that MetLife breached the "implied covenant of good faith and fair dealing." Complaint ¶¶ 21, 24 and 28. MetLife has moved to strike the allegations regarding the implied covenant of good faith and fair dealing on the grounds that the

allegations are: (1) a thinly disguised, legally premature attempt to plead a bad faith claim; and/or (2) impermissibly redundant of the breach of contract claim.

In his Response, Herman concedes that he "does not plead entitlement to any extra-contractual relief and has not asserted a cause of action under Section 624,155, Fla. Stat. for bad faith." Response, p. 2. It is therefore undisputed that Herman cannot, and does not, attempt to use allegations of breach of the implied covenant of good faith and fair dealing as a vehicle for seeking bad faith damages in this action under Florida law.[1]

Herman further concedes that he "<u>has not and does not seek any damages other than the benefits he is entitled to under his disability contract</u>." Response, p. 2 (emphasis added). MetLife's decision not to pay him those very benefits is, of course, the crux of Herman's breach of contract claim. Complaint ¶¶ 16, 17, 20, 23 and 27. In other words, Herman "has not pled a basis for a recovery of anything other than ordinary contract damages." *Shibata v. Lim*, 133 F. Supp.2d 1311, 1321 (M.D. Fla. 2000) (dismissing claim for breach of implied covenant of good faith and fair dealing under Florida law). As there is clearly "no difference between the factual underpinnings of [Herman's] breach of contract claim and his claim for breach of the implied covenant," his allegations of breach of the implied covenant are "duplicative of [his] claim[] for breach of contract." *Id.* As such, the allegations are improper and should be stricken. *See also Trief v. Am. Gen. Life Ins. Co.*, 444 F. Supp.2d 1268, 1270 (S.D. Fla. 2006) (dismissing allegations for breach of implied covenant of good faith that in reality constituted "nothing more than a general allegation for breach of contract" and thus were "duplicative" of breach of contract claim).

---

[1] Insurance bad faith claims in Florida are governed by Section 624.155, pursuant to which an insured's "underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured" before any bad faith cause of action accrues. *Fishkin v. Guardian Life Ins. Co. of Am.*, 22 F. Supp.2d 1365, 1367 (S.D. Fla. 1998) (citation omitted).

## CONCLUSION

WHEREFORE, for the reasons stated above and in the instant motion, the Court should strike the allegations contained in paragraphs 21 a, b, and c; 24 a, b, and c; and 28 a, b, and c of the Complaint.

By: s/. Steven M. Ebner
John E. Meagher
Florida Bar No. 511099
Email: jmeagher@shutts-law.com
Steven M. Ebner
Florida Bar No. 634727
E-mail: sebner@shutts-law.com
SHUTTS & BOWEN, LLP
201 South Biscayne Blvd., 15th Floor
Miami, FL 33131
Tel:(305) 358-6300
Fax:(305) 347-7760
*Attorneys for Metropolitan Life*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, who was also provided with a copy by U.S. Mail: Gregory M. Dell, Esq., Dell & Schaefer Chartered, 2404 Hollywood Boulevard, Hollywood, FL 33020.

s/. Steven M. Ebner
OF COUNSEL

MIADOCS 1914300 1

3