UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 06-61607-CIV-COOKE/BROWN

SCOTT HERMAN,

        Plaintiff,

vs.

METROPOLITAN LIFE
INSURANCE COMPANY,

        Defendant.
_____/

### DEFENDANT'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO COMPEL BETTER RESPONSES TO FIRST REQUEST FOR PRODUCTION

Defendant Metropolitan Life Insurance Company ("MetLife"), by and through undersigned counsel, and pursuant to Rules 34(b) and 37(a) of the Federal Rules of Civil Procedure and Local Rules 7.1 and 26.1(h) of the United States District Court for the Southern District of Florida, hereby requests the entry of an Order compelling Plaintiff Scott Herman ("Herman") to produce documents responsive to Defendant's First Request for Production. In support thereof, MetLife states as follows:

1. This is an action for disability insurance benefits brought by Herman against MetLife.

2. Herman filed his Initial Claim for Disability Benefits alleging that on or about January 29, 2004 he became disabled due to a motor vehicle accident. Herman claims that as a result of his physical condition he is unable to perform his occupational duties and is entitled to disability benefits from MetLife.

CASE NO. 06-61607-CIV–COOKE/BROWN

3. During the course of discovery, MetLife served a First Request for Production (the "Request") (a copy of the Request is attached hereto as Exhibit "1"). Herman provided a Response (a copy of the Response is attached hereto as Exhibit "2"). Unfortunately, the Response failed to provide all of the documents sought in MetLife's Request. As further explained herein, Herman's objections and withholding of documents responsive to the Request are improper. Accordingly, Herman should be compelled to produce the documents requested by MetLife.

4. **Request No. 40**: Any and all photographs, still or video, depicting you while on vacation, traveling and/or on business, outside of South Florida any time from your alleged disability to the present

**Herman's Response to Request No. 40**: The Plaintiff objects to this request on the ground that the documents sought will not lead to discoverable evidence.

**Basis for Compelling Better Response**: Plaintiff's objection is improper on the basis that MetLife is entitled to discovery pertaining to Herman's physical activities. This lawsuit is still in the discovery stage, and photographs depicting Herman from the time of his purported disability to the present are necessary for MetLife to discover a variety of items concerning Herman's activities including, but not limited to credibility, income, activities, physical condition, ability to travel, and state of health.

5. **Request No. 45**: All credit card statements from the date of your purported disability to the present.

**Herman's Response to Request No. 45**: The Plaintiff objects to this request on the grounds that it is unduly burdensome and will not lead to discoverable evidence.

2

CASE NO. 06-61607-CIV–COOKE/BROWN

**Basis for Compelling Better Response:** Plaintiff's objections are improper in that MetLife is entitled to obtain the documents sought to verify Herman's claims regarding his physical activities and condition. This lawsuit is still in the discovery stage, and the information contained in Herman's credit card records[1] are necessary for MetLife to discover a variety of items concerning Herman's activities (which may be inconsistent with his complaints) including, but not limited to financial motivation for submitting a claim, credibility, income, and state of health. This type of information not only bears directly on Herman's credibility, but it also goes to the heart of one of MetLife's primary defenses in this action – that Plaintiff is misrepresenting his condition for financial reward. The information contained in Herman's credit card statements should reveal important information concerning his activities. Clearly, MetLife is entitled to obtain such information during discovery. Accordingly, Herman should be compelled to provide the documents responsive to this request.

6. **Request No. 46:** All documents arising out of, relating to, or evidencing any disciplinary proceedings regarding your occupational license or legal right to practice your occupation from two (2) years prior to the start of your disability to present.

**Herman's Response to Request No. 46:** The Plaintiff objects to this request on the grounds that the documents sought will not lead to discoverable evidence.

**Basis for Compelling Better Response:** Plaintiff's objections are improper in that MetLife is entitled to obtain the documents sought to verify Herman's claims regarding his physical activities, condition and ability to practice as a chiropractor. This information goes to

---

[1] MetLife needs to obtain Herman's credit card information in order to subpoena the appropriate credit card companies to obtain, *inter alia*, Herman's monthly statements, which should reflect at least some of his activities.

3

CASE NO. 06-61607-CIV–COOKE/BROWN

the very heart of the basic issue concerning Plaintiff's occupational ability. Clearly, MetLife is entitled to obtain such information during discovery. Accordingly, Herman should be compelled to provide the documents responsive to this request.

7. Additionally, in his Response, Herman committed to producing responses to request numbers 39 and 42. To date, however, Herman has failed to produce any documents responsive to the aforementioned requests.[2] Furthermore, although Plaintiff attached a copy of his malpractice insurance policy in response to Request number 47, no renewal forms were included despite the fact that demand was made for them.[3] Therefore, MetLife also requests that this Court issue an order compelling Herman produce the responsive documents.

8. Fed. R. Civ. P. 26(b)(1) provides that:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

9. Thus, the test for discovery is whether "the information sought appears reasonably calculated to **lead** to the discovery of admissible evidence." Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir. 1977) quoting Rule 26, Fed. R. Civ. P. (emphasis added). Accordingly, litigants have routinely been afforded the broadest possible range of discovery,

---

[2] Moreover, despite the fact that Herman's Response states that documents responsive to request number 42 are attached, no such documents were enclosed.
[3] Request #47 states "[a]ll documents evidencing or relating to your ownership of professional negligence or malpractice insurance, including, but not limited to, all applications and renewal forms, from two (2) years prior to the start of your disability to present."

CASE NO. 06-61607-CIV–COOKE/BROWN

with relevance during discovery held to a minimal standard. Snowden v. Connaught Laboratories, Inc., 137 F.R.D. 325, 329 (D. Kan. 1991). "Discovery is to be considered relevant when there is **any** possibility that the information sought may be relevant to the subject matter of the action. Id. (citing Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Pa. 1979), quoting United States v. International Business Machines Corp., 66 F.R.D. 215, 218 (S.D. N.Y. 1974)) (emphasis added). See also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978); National Service Industries, Inc. v. VAFLA Corp., 694 F.2d 246, 250 (11th Cir. 1982); Kreuzfeld A.G. v. Carnehammar, 138 F.R.D. 594, 607 (S.D. Fla. 1991); Master Palletizer Systems v. T.S. Ragsdale Co., 123 F.R.D. 351, 353 (D. Colo. 1988); Cupac, Inc. v. Mid-West Ins. Agency, Inc., 100 F.R.D. 440, 442 (S.D. Ohio 1983). Given the minimal standard for relevancy during a discovery, it cannot be seriously questioned that in a case in which the critical issue is whether Herman is disabled and unable to perform his occupational duties, that the production of documents which will lead to information about Herman's activities during his claimed disability are well within the proper scope of discovery.

10. The requested documents are discoverable as it they are reasonably calculated to lead to the discovery of admissible evidence. As noted by the Court in Lewert v. Lincoln National Life Insurance Company, Case No. 04-60344-CIV-Marra/Torres (S.D. Fla. May 4, 2005) (copy attached as Exhibit "3"), in permitting discovery of certain financial records in a disability insurance case similar to the instant matter, "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. Dunkin' Donuts, Inc. Mary's Donuts, Inc., No. 01-0392-Civ-Gold, 2001 WL 34079319 *2 (S.D.

CASE NO. 06-61607-CIV–COOKE/BROWN

Fla. Nov. 1 2001)." As here, the insured in Lewert argued that the records sought therein were totally immaterial. The Court disposed of that argument, noting that "the requested discovery may cast some doubt on Plaintiff's credibility as a whole, which is an issue in almost every case. . ." Exhibit 3 at 3 (citing Weisz v. Provident Life & Cas. Ins. Co., No. 99CV7905(SJ) (E.D.N.Y. May 26, 2000)).[4]

11. Moreover, U.S. District Courts, when faced with similar objections to requests seeking credit card information, have compelled the production of those records in actions involving disputes over entitlement to disability insurance benefits. See Metropolitan Life Insurance Co. v. Garcia, Case No. 05-20275-CIV-Graham/O'Sullivan (S.D. Fla. June 27, 2005) (insured "shall provide credit card statements reflecting purchases related to travel or any physical activities. . . ."). A copy of the Garcia Order is attached hereto as Exhibit "5." This Court should similarly overrule Herman's objections.

12. Defendant requests the entry of an Order compelling Herman to provide the responsive documents and awarding MetLife its reasonable attorneys' fees incurred in compelling the production of those documents.

**LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to S.D. Fla. Local Rule 7.1(A)(3), counsel for MetLife certifies that they have made a good faith effort to confer with Herman's counsel with respect to the filing of this Motion, but have been unable to resolve the issues raised in the Motion.

---

[4] A copy of the Weisz opinion is attached hereto as Exhibit "4"

6

CASE NO. 06-61607-CIV–COOKE/BROWN

## CONCLUSION

For the foregoing reasons, Defendant Metropolitan Life Insurance Company respectfully requests the entry of an Order compelling Plaintiff Scott Herman to provide documents responsive to Defendant's First Request for Production, awarding MetLife its reasonable attorneys' fees incurred in compelling the production of documents, and such other and further relief as the Court deems just, proper and equitable.

By: *s/ Steven M. Ebner*
John E. Meagher
Florida Bar No. 511099
*jmeagher@shutts-law.com*
Steven M. Ebner
Florida Bar No. 634727
*sebner@shutts-law.com*
**SHUTTS & BOWEN, LLP**
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
(305) 358-6300 Telephone
(305) 381-9982 Facsimile
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 13, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Gregory M. Dell, Esq., Dell & Schaefer Chartered, 2404 Hollywood Boulevard, Hollywood, FL 33020.

*s/ Steven M. Ebner*
Of Counsel

MIADOCS 2162446 1