UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61607 CIV COOKE/BROWN

SCOTT HERMAN,

          Plaintiff(s),

vs.

METROPOLITAN LIFE
INSURANCE COMPANY, A
FOREIGN CORPORATION,

          Defendant(s).

_____

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO FIRST REQUEST FOR PRODUCTION

**COMES NOW,** the Plaintiff, SCOTT HERMAN, by and through the undersigned attorneys, and files this, his Response to Defendant's Motion to Compel Better Responses to First Request for Production filed by the Defendant, Metropolitan Life Insurance Company, on June 13, 2007, and would state to the Court the following:

    1.    This is an action for damages arising out of the failure of the Defendant, Metropolitan Life Insurance Company (hereinafter referred to as "MetLife"), to provide the Plaintiff, Scott Herman (hereinafter referred to as "Dr. Herman") disability income benefits under the terms of the disability policy which is the subject of this litigation.

    2.    On March 5, 2007, MetLife served Dr. Herman with a First Request for Production.

    3.    Due to the voluminous nature of the requests, Dr. Herman requested several extensions of time to respond, which were all granted by MetLife.

    4.    On May 17, 2007, Dr. Herman provided MetLife with responses to Defendant's First Request for Production.

5. Dr. Herman does not disagree with MetLife that production to requests that have not been objected to is required. MetLife in request number 39 requests production of, "[a]ll documents concerning your relationship with "Scott J. Herman, D.C., P.A.", "Tropical Chiropractic Group, Inc.,", "Tropical Chiropractic and Wellness Group", "Just Your Back, Inc.", and "Infinite Health, Inc." from the date of incorporation to the present. This request includes, but is not limited to, W2s, job descriptions, job titles, ownership interests, job evaluations, work schedules, and any other evidence of compensation or remuneration." Although the likelihood is that MetLife is already in possession of all of the documents in Dr. Herman's possession which would be responsive to request number 39, Dr. Herman has agreed to produce documents responsive to request number 39 at a mutually agreed upon time and place. As of the date of this response, Defendant's Counsel has yet to contact Plaintiff's counsel to discuss a mutually agreeable time and place for production of said documents.

6. With regard to request number 42, MetLife requests, "[a]ll documents arising out of, relating to or evidencing the entities and/or individuals for whom you worked, the amount of hours worked by you, work schedules, job descriptions, job titles, job evaluations, and the tasks performed by you for remuneration of any kind, ownership interests, W-2s, tax returns and any other evidence of compensation or remuneration of any kind from the date of your alleged disability to the present." Similar to request number 39, Dr. Herman has already provided MetLife with extensive documentation relating to the entities for whom he worked, his work duties and finances. The only documents in Dr. Herman's possession responsive to request number 42 have either been previously provided to MetLife during their claim review or were attached to request numbers 16, 37 and 43 of Plaintiff's Response to Defendant's Request for Production.

2

7.      Request number 47 requests "[a]ll documents evidencing or relating to your ownership of professional negligence or malpractice insurance, including but not limited to, all applications and renewal forms, from two (2) years prior to the start of your disability to the present." As this Court is aware, Rule 34 (a) of the Federal Rules of Civil Procedure requires a party to produce all documents in the possession, custody or control of the party upon whom the request is served. Courts have defined "control" as the "legal right, authority or ability to obtain upon demand documents in the possession of another." See Prokosch v. Catalina Ligting, Inc., 193 F.R.D. 633, 636 (D.C. Minn. 2000) (citing Florentia Cont. Crp. v. RTC, No. 92 Civ. 1188, 1993 WL 127187 at *3 (S.D.N.Y Apr. 22, 1993)). More importantly however, a court must accept at face value a party's representations that it has fully produced all materials that are discoverable. See, Prokosch, 193 F.R.D. at 637 (stating "we accept [a party's] representation, that it is currently unable to respond to the ... discovery requests because it has no such documents").

8.      In the instant case, Dr. Herman has provided MetLife with a copy of his professional malpractice insurance policy. Dr. Herman is not in possession of the renewal forms or any other documents responsive to request number 47 except for the documents already provided to MetLife.

9.      With regard to Defendant's request number 40, Plaintiff's objections stand as Defendant's request for information is irrelevant, intrusive, not reasonably calculated to lead to the discovery of admissible evidence and is sought purely for the purposes of harassing the Plaintiff and his family. The threshold requirement of discoverability is whether the information sought is relevant to the issues in dispute. Prokosch, 193 F.R.D. at 635 (stating the standard is broad in scope to allow the "parties essentially equal access to operative facts"). While the scope of discovery is broad, courts have prevented a party's ability to "roam in the shadow zones of relevancy to explore a

3

matter which does not presently appear germane on the theory that it might conceivably become so." Id. at 635 (citing Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997). Here, Defendant requests: "[a]ny and all photographs, still or video, depicting you while on vacation, traveling and/or on business, outside of South Florida any time from your alleged disability to the present." First, the issue in this case as it relates to the claims of Dr. Herman concern the income of Dr. Herman and whether due to injury or sickness Dr. Herman is unable to perform the material and substantial duties of his own occupation. The Defendant's requests for photographs and video of the Plaintiff while on vacation and traveling outside of South Florida reaches far beyond the scope of permissible discovery in this case, and is simply requested in order to intimidate Dr. Herman and his family. Whether Dr. Herman can sit on a beach with his wife and children is completely irrelevant to whether he is disabled under the terms of the subject disability policy.

10.     With regard to request number 45, the Defendant requests "[a]ll credit card statements from the date of your purported disability to the present." The Plaintiff objected to producing copies of all credit card statements on the grounds that it is unduly burdensome and will not lead to discoverable evidence. In addition to being vague, overbroad and ambiguous, Defendant's request has absolutely no limit as to what type of credit card statements they seek to be produced. Notwithstanding, Dr. Herman will produce credit card statements that he has in his possession relating to his chiropractic practice. However, from the phrasing of the Defendant's request, they also seek personal credit card statements which are clearly not calculated to lead to the discovery of admissible evidence. Again, as MetLife commonly does in every case, it seeks to embark on a baseless fishing expedition, delving into matters which have absolutely no relevancy or bearing on true issue of whether Dr. Herman is disabled under the terms of the subject disability policy. As

4

such, Defendant should not be able to "roam in the shadowy zone of relevancy" to obtain information which "might" be relevant. Prokosch, 193 F.R.D. at 635.

11.     Lastly, with regard to request number 46, the Defendant requests, "[a]ll documents arising out of, relating to, or evidencing any disciplinary proceedings regarding your occupational license or legal right to practice your occupation from two (2) years prior to the start of your disability to the present." Once again, the Defendant's requests are irrelevant to the issues in dispute and are being sought solely to intimidate and harass the Plaintiff. Defendant's requests are not reasonable calculated to lead to the discovery of admissible evidence. Accordingly, Defendant's Motion to Compel Better Response to Request for Production and request for attorney's fees and costs must be denied.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
(954) 620-8300

CESAR GAVIDIA, ESQUIRE
Florida Bar No.: 015263
GREGORY M. DELL, ESQUIRE
Florida Bar No.: 299560

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 27th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, who was also provided with a copy by U.S. Mail: Steven Ebner,

5

Esquire, Shutts & Bowen LLP, 1500 Miami Center 201 South Biscayne Boulevard, Miami, FL 33131.

Cesar Gavidia, Jr.
Florida Bar No. 15263
Attorney for Scott Herman
Attorneys Dell & Schaefer, Chartered
2404 Hollywood Blvd.
Hollywood, FL 33020
Telephone: (954) 620-8300
Fax: (954) 920-9538
cesar@diattorney.com