UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 06-61607-CIV-Cooke/Brown

SCOTT HERMAN,

    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL BETTER RESPONSES TO FIRST REQUEST FOR PRODUCTION**

Defendant Metropolitan Life Insurance Company ("MetLife"), by and through undersigned counsel and pursuant to S.D. Fla. L.R. 7.1, hereby files its Reply Memorandum in further support of its motion for entry of an Order compelling Plaintiff Scott Herman to produce better responses to Defendant's First Request for Production (the "Motion"), and in support thereof states as follows:

In accordance with S.D. Fla. L.R. 7.1(C), this reply memorandum shall not reargue matters fully addressed in Defendant's initial motion, but rather shall be strictly limited to rebuttal of matters raised in Plaintiff's Response to the Motion (the "Response").

    1.    Defendant is entitled to obtain the documents responsive to request number 40 concerning photographs, still or video, depicting Plaintiff while on vacation, traveling and/or on business outside of South Florida. As Plaintiff points out, this case is about his physical capabilities. Consequently, photographs of Plaintiff engaged in a variety of activities and at numerous locations are squarely within the scope of permissible discovery. These documents

will evidence Plaintiff's physical condition, capabilities, income, credibility, ability to travel, and/or state of health. Clearly, such documents are discoverable and should be produced.

2. Defendant is entitled to obtain the documents responsive to request number 45 regarding the discovery of credit card information. This information is clearly relevant as it pertains to the discovery of Plaintiff's activities, income, and state of health. The credit card statements should divulge vital information regarding Plaintiff's actual activities and potential financial motivation for submitting a claim. This request is clearly calculated to lead to the discovery of information concerning the merits of Plaintiff's disability claim and provide evidence to support one of MetLife's primary defenses in this action – that Plaintiff is misrepresenting his physical condition for financial reward.

3. Defendant is entitled to obtain the documents responsive to request number 46 concerning the production of documents relating to disciplinary proceedings regarding Plaintiff's occupational license or legal right to practice. These documents are relevant as they directly bear on Plaintiff's credibility, motivation and decision to file a disability claim. If Plaintiff was the subject of a disciplinary proceeding, which could affect his ability to continue to practice as a chiropractor, there can be no question that such information would be discoverable. Such information would support one of MetLife's primary defenses in this action – that Plaintiff is misrepresenting his physical condition for financial reward. This is especially true if Plaintiff was precluded from working due to a disciplinary proceeding as opposed to a physical limitation.

4. Defendant is also entitled to obtain the documents responsive to request number 39 concerning Plaintiff's relationship with "Scott J. Herman, D.C., P.A.", "Tropical Chiropractic Group, Inc.", "Tropical Chiropractic & Wellness Group", "Just Your Back, Inc." and "Infinite Health, Inc." Despite the representations in the Response, undersigned counsel has already asked

opposing counsel to produce the outstanding documents at an agreeable time and place. Unfortunately, Plaintiff's counsel has not yet provided the documents or any proposed dates for Defendant's counsel to review and obtain copies of them.

5.  Finally, Defendant is entitled to obtain all of the documents in Plaintiff's possession responsive to request number 42 concerning Plaintiff's employment history and evidence of compensation or remuneration of any kind from the date of his alleged disability to the present. To the extent that Plaintiff's Response commits to having already provided all responsive documents, MetLife has no further objections. However, if Plaintiff is in possession of any outstanding documents he should be compelled to produce them.

## CONCLUSION

For the foregoing reasons, Defendant Metropolitan Life Insurance Company respectfully requests the entry of an Order compelling Plaintiff Scott Herman to provide documents responsive to Defendant's First Request for Production, awarding MetLife its reasonable attorneys' fees incurred in compelling the production of documents, and for such other and further relief as the Court deems just, proper and equitable.

By: *s/ Steven M. Ebner*
John E. Meagher
Florida Bar No. 511099
*jmeagher@shutts-law.com*
Steven M. Ebner
Florida Bar No. 634727
*sebner@shutts-law.com*
**SHUTTS & BOWEN, LLP**
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
(305) 358-6300 Telephone
(305) 381-9982 Facsimile
Attorneys for Defendant

Case Number: 06-61607-CIV-Cooke/Brown

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 5, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Gregory M. Dell, Esq., Dell & Schaefer Chartered, 2404 Hollywood Boulevard, Hollywood, FL 33020.

                                                       *s/ Steven M. Ebner*
                                                        Of Counsel

MIADOCS 2199625 1